# EXHIBIT 1

Clerk of the Superior Court
\*\*\* Electronically Filed \*\*\*
A. Beard, Deputy
7/30/2020 3:02:00 PM
Filing ID 11863641

1 | **JEFFREY L. VICTOR, P.C.**
Attorney at Law
2 | 5425 E. Bell Rd., Ste 121
Scottsdale, Arizona 85254
3 | (602) 749-0900
victoratty@aol.com
4 |
Jeffrey L. Victor, Esq. - 013132
5 | *Attorney for Plaintiff*

6 | **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7 | **IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| NINA MELTON, | Case No. CV2020-053497 |
| Plaintiff, | |
| vs. | **AMENDED COMPLAINT** |
| | (Tort – Non-Motor Vehicle) |
| WAFFLE HOUSE, INC., a Georgia corporation; **JOHN DOES I-X**; **JANE DOES I-X**; **ABC CORPORATIONS I-X**; and **XYZ PARTNERSHIPS I-X**, | Tier 2 Discovery |
| Defendants. | |

Plaintiff Nina Melton, by and through her counsel undersigned, and for her Amended Complaint against Defendants, states and alleges as follows:

1. Plaintiff is now, and at all times relevant hereto, have been residents of Maricopa County, State of Arizona; and that all events leading to this cause of action occurred in Maricopa County, State of Arizona.

1. The value of this case exceeds $50,000.00 and is a Discovery Tier 2 case.

2. At all times mentioned herein, Defendant Waffle House, Inc. is a Georgia corporation, authorized to do and doing substantial business in Maricopa County, State of Arizona. Defendant acting through its agents and/or servants and/or employees, caused an event to occur in the State of Arizona which is the subject of this lawsuit.

-1-

3. Defendants John Does I-X, Jane Does I-X, ABC Corporations I-X, and XYZ Partnerships I-X are various individuals, corporations, partnerships, officers, principals, affiliates, trustees, trainees, employees, partners, agents, or representatives of the named Defendants herein, who have contributed to the negligence alleged herein. The true names of the fictitious Defendants are unknown to the Plaintiff at this time and at such time as the true names of said Defendants are ascertained, Plaintiff will seek leave of this Court to substitute them for the fictitious name in which they are sued.

4. Defendant owns a retail establishment, located at 820 N. Dysart Road, City of Goodyear, State of Arizona [hereinafter "the Premises"]. Defendant utilizes the Premises at said location and occupies the same for the purpose of conducting a restaurant.

5. Defendant was, at all times material hereto, responsible for ensuring the maintenance of the Premises.

6. On March 4, 2019, Plaintiff was on the lawfully on the Premises as a patron.

7. As she was walking towards her assigned seat, Plaintiff slipped and fell upon a wet substance upon the floor, sustaining severe and debilitating injuries.

8. At the time of the fall, no warning signs/cones were in place to forewarn the Plaintiff of the wet substance upon the floor

9. Defendants owed a duty of care to Plaintiff to keep its floor clear of conditions, which could cause injuries. Defendants either had actual knowledge of the referenced wet substance on the floor or said Defendants lacked actual knowledge of the wet substance on the floor, which had existed so long a time prior to Plaintiff's fall that Defendants in the exercise of due care could and should have known and had knowledge of the wet substance on the floor or that Defendants under their routine mode of operation should have reasonably anticipated that hazardous conditions would arise

10. The slip and fall, and the injuries to Plaintiff, were caused solely by Defendants' negligent failure to comport with the standard of care owed to Plaintiff, to keep its floor reasonably free of conditions which could cause injuries.

11. The negligence of Defendants at the above time and place among other things consisted of the following:

    a. Carelessly and negligently permitting and allowing a wet substance to remain on the floor in the area where the Plaintiff was walking.

    b. Carelessly and negligently allowing the wet substance to remain on the floor for an inordinate amount of time.

    c. Failing properly to maintain the floor, particularly in the area of the slip and fall, in a safe condition for customers using the store.

    d. Failing properly and adequately to supervise and oversee the floor so as to prevent the collection of dangerous substances on its floor.

    e. Failing to place warning signs/cones to forewarn customers on the Premises of the wet substance upon the floor

12. As a direct and proximate result of the negligence and carelessness of all Defendants, Plaintiff incurred severe injuries, which have caused her to suffer and continue to suffer great pain and have injured her general health.

13. As a further direct and proximate result of the negligence and carelessness of all Defendants, Plaintiff's injuries may be permanent and that in all reasonable probability the effects of her injuries may become worse as she grows older.

14. As a further direct and proximate result of the negligence and carelessness of all Defendants, Plaintiff has incurred medical bills in an amount which will be proven at trial and may incur future medical expenses.

15. As a further direct and proximate result of the negligence and carelessness of all Defendants, Plaintiff has incurred a loss of income, in an amount which will be proven at trial and may incur future loss of income.

WHEREFORE, the amount in controversy exceeds the jurisdictional requirements of this Court, Plaintiff prays that this Court grant her judgment against the Defendants, jointly and severally, as follows:

1. For all sums representing costs of medical expenses and other special expenses incurred, plus an amount to be determined as and for any reasonable future medical expenses that may be incurred by the Plaintiff as a result of the injuries sustained;

2. For general damages to be awarded to Plaintiff for the physical and mental pain, suffering and anguish suffered, plus reasonable future damages for Plaintiff's mental pain, suffering and anguish in a fair and equitable amount to be determined at trial;

3. For all loss of income incurred, plus an amount to be determined as and for any reasonable future loss of income that may be incurred by the Plaintiff as a result of the injuries sustained;

4. For an award of Plaintiff's costs incurred herein; and

5. For such other and further relief as the Court deems just and proper in the premises.

RESPECTFULLY SUBMITTED this 30th day of July, 2020.

JEFFREY L. VICTOR, P.C.

/s/ Jeffrey L. Victor
Jeffrey L. Victor, Esq.
*Attorney for Plaintiff*

-4-

Clerk of the Superior Court
\*\*\* Electronically Filed \*\*\*
Y. Moralez, Deputy
7/30/2020 3:09:00 PM
Filing ID 11863722

**JEFFREY L. VICTOR, P.C.**
Attorney at Law
5425 E. Bell Rd., Ste 121
Scottsdale, Arizona 85254
(602) 749-0900
victoratty@aol.com

Jeffrey L. Victor, Esq. - 013132
*Attorney for Plaintiff*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| NINA MELTON,<br><br>    Plaintiff,<br><br>vs.<br><br>WAFFLE HOUSE, INC., a Georgia corporation; **JOHN DOES I-X**; **JANE DOES I-X**; **ABC CORPORATIONS I-X**; and **XYZ PARTNERSHIPS I-X**,<br><br>    Defendants. | Case No. CV2020-053497<br><br>**AMENDED CERTIFICATE OF COMPULSORY ARBITRATION** |

The undersigned certifies that the largest award sought by the Complainant <u>exceeds</u> the limits set by Local Rule for Compulsory Arbitration. This case is not subject to the Uniform Rules of Procedure for Arbitration.

DATED this 30th day of July 2020.

JEFFREY L. VICTOR, P.C.

/s/ *Jeffrey L. Victor*
Jeffrey L. Victor, Esq.
*Attorney for Plaintiff*

-1-

```
Boulder Creek Investigations
48432 N. 33rd Avenue
Phoenix, Arizona  850387
602-404-2075
Process service company
```

CLERK OF THE
SUPERIOR COURT
RECEIVED NE
DOCUMENT DEPOSITORY

2020 JUN 22  PM 4:16

FILED
BY N. MARRUFFO, DEP

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| NINA MELTON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JD'S WILD WEST WAFFLES, INC., dba<br>WAFFLE HOUSE, INC., an Arizona corporation;<br>et al.<br><br>　　　　Defendants. | Case No: CV2020-053497<br><br>**CERTIFICATE OF SERVICE**<br>**BY COURT CERTIFIED PROCESS SERVER** |

THOMAS D. SARRETT states: That he is duly qualified and certified to serve process in and for the cause within the State in which it was served, having been so appointed by the Maricopa County Superior Court; that he received the documents as described below:

**Summons, Complaint, & Certificate of Compulsory Arbitration**

That he personally served true copies of the above documents at 11:24 p.m. on June 21, 2020 at 2516 West Bell Road, Phoenix, AZ 85023.  Service was effected by providing the documents to James Dyer (a.k.a. James Oyer), statutory agent for **JD's Wild West Waffles, Inc., dba Waffle House, Inc.**

I declare under penalty of perjury that the foregoing is true and correct.  Executed on June 22, 2020.

*/s/ Thomas D. Sarrett*
Thomas D. Sarrett, reg. #MC-7567

20-239

-1-

JEFF FINE
Clerk of the Superior Court
By Vanessa Garcia, Deputy
Date 06/01/2020 Time 16:13:19
Description                    Amount
--------- CASE# CV2020-053497 ---------
CIVIL NEW COMPLAINT            333.00

TOTAL AMOUNT                   333.00
           Receipt# 27808774

**JEFFREY L. VICTOR, P.C.**
Attorney at Law
5425 E. Bell Rd., Ste 121
Scottsdale, Arizona 85254
(602) 749-0900
victoratty@aol.com

Jeffrey L. Victor, Esq. - 013132
*Attorney for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| NINA MELTON,<br><br>Plaintiff,<br><br>vs.<br><br>JD'S WILD WEST WAFFLES, INC., dba WAFFLE HOUSE, INC., an Arizona corporation; JOHN DOES I-X; JANE DOES I-X; ABC CORPORATIONS I-X; and XYZ PARTNERSHIPS I-X,<br><br>Defendants. | Case No. **CV2020-053497**<br><br>**COMPLAINT**<br><br>(Tort – Non-Motor Vehicle)<br><br>Tier 2 Discovery |

Plaintiff Nina Melton, by and through her counsel undersigned, and for her Complaint against Defendants, states and alleges as follows:

1. Plaintiff is now, and at all times relevant hereto, have been residents of Maricopa County, State of Arizona; and that all events leading to this cause of action occurred in Maricopa County, State of Arizona.

1. The value of this case exceeds $50,000.00 and is a Discovery Tier 2 case.

2. At all times mentioned herein, Defendant JD's Wild West Waffles, Inc., dba Waffle House, Inc. is an Arizona corporation, authorized to do and doing substantial business in

-1-

1  Maricopa County, State of Arizona. Defendant acting through its agents and/or servants and/or
2  employees, caused an event to occur in the State of Arizona which is the subject of this lawsuit.

3       3.      Defendants John Does I-X, Jane Does I-X, ABC Corporations I-X, and XYZ Partnerships I-X are various individuals, corporations, partnerships, officers, principals, affiliates, trustees, trainees, employees, partners, agents, or representatives of the named Defendants herein, who have contributed to the negligence alleged herein. The true names of the fictitious Defendants are unknown to the Plaintiff at this time and at such time as the true names of said Defendants are ascertained, Plaintiff will seek leave of this Court to substitute them for the fictitious name in which they are sued.

       4.      Defendant operates a retail establishment, located at 820 N. Dysart Road, City of Goodyear, State of Arizona [hereinafter "the Premises"]. Defendant utilizes the Premises at said location and occupies the same for the purpose of conducting a restaurant.

       5.      Defendant JD's Wild West Waffles, Inc., dba Waffle House, Inc, was at all times material hereto, responsible for ensuring the maintenance of the Premises.

       6.      On December 8, 2019, Plaintiff was on the lawfully on the Premises as a patron.

       7.      As she was walking towards her assigned seat, Plaintiff slipped and fell upon a wet substance upon the floor, sustaining severe and debilitating injuries.

       8.      At the time of the fall, no warning signs/cones were in place to forewarn the Plaintiff of the wet substance upon the floor

       9.      Defendants owed a duty of care to Plaintiff to keep its floor clear of conditions, which could cause injuries. Defendants either had actual knowledge of the referenced wet substance on the floor or said Defendants lacked actual knowledge of the wet substance on the floor, which had existed so long a time prior to Plaintiff's fall that Defendants in the exercise of due care could and should have known and had knowledge of the wet substance on the floor or

-2-

that Defendants under their routine mode of operation should have reasonably anticipated that hazardous conditions would arise

10. The slip and fall, and the injuries to Plaintiff, were caused solely by Defendants' negligent failure to comport with the standard of care owed to Plaintiff, to keep its floor reasonably free of conditions which could cause injuries.

11. The negligence of Defendants at the above time and place among other things consisted of the following:

    a. Carelessly and negligently permitting and allowing a wet substance to remain on the floor in the area where the Plaintiff was walking.

    b. Carelessly and negligently allowing the wet substance to remain on the floor for an inordinate amount of time.

    c. Failing properly to maintain the floor, particularly in the area of the slip and fall, in a safe condition for customers using the store.

    d. Failing properly and adequately to supervise and oversee the floor so as to prevent the collection of dangerous substances on its floor.

    e. Failing to place warning signs/cones to forewarn customers on the Premises of the wet substance upon the floor

12. As a direct and proximate result of the negligence and carelessness of all Defendants, Plaintiff incurred severe injuries, which have caused her to suffer and continue to suffer great pain and have injured her general health.

13. As a further direct and proximate result of the negligence and carelessness of all Defendants, Plaintiff's injuries may be permanent and that in all reasonable probability the effects of her injuries may become worse as she grows older.

14. As a further direct and proximate result of the negligence and carelessness of all Defendants, Plaintiff has incurred medical bills in an amount which will be proven at trial and may incur future medical expenses.

15. As a further direct and proximate result of the negligence and carelessness of all Defendants, Plaintiff has incurred a loss of income, in an amount which will be proven at trial and may incur future loss of income.

WHEREFORE, the amount in controversy exceeds the jurisdictional requirements of this Court, Plaintiff prays that this Court grant her judgment against the Defendants, jointly and severally, as follows:

1. For all sums representing costs of medical expenses and other special expenses incurred, plus an amount to be determined as and for any reasonable future medical expenses that may be incurred by the Plaintiff as a result of the injuries sustained;

2. For general damages to be awarded to Plaintiff for the physical and mental pain, suffering and anguish suffered, plus reasonable future damages for Plaintiff's mental pain, suffering and anguish in a fair and equitable amount to be determined at trial;

3. For all loss of income incurred, plus an amount to be determined as and for any reasonable future loss of income that may be incurred by the Plaintiff as a result of the injuries sustained;

4. For an award of Plaintiff's costs incurred herein; and

5. For such other and further relief as the Court deems just and proper in the premises.

RESPECTFULLY SUBMITTED this 1st day of June, 2020.

JEFFREY L. VICTOR, P.C.

_____
Jeffrey L. Victor, Esq.
*Attorney for Plaintiff*

1  **JEFFREY L. VICTOR, P.C.**
Attorney at Law
2  5425 E. Bell Rd., Ste 121
Scottsdale, Arizona 85254
3  (602) 749-0900
victoratty@aol.com
4
Jeffrey L. Victor, Esq. - 013132
5  *Attorney for Plaintiff*

6            IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7                    IN AND FOR THE COUNTY OF MARICOPA

8  NINA MELTON,                     Case No. _____

9            Plaintiff,

10   vs.                           **CERTIFICATE OF COMPULSORY ARBITRATION**

11 **JD'S WILD WEST AFFLES, INC., dba WAFFLE HOUSE, INC.,** an Arizona
12 corporation; **JOHN DOES I-X; JANE DOES I-X; ABC CORPORATIONS I-X;**
13 and **XYZ PARTNERSHIPS I-X,**

14          Defendants.

15

16      The undersigned certifies that the largest award sought by the Complainant <u>exceeds</u> the

17 limits set by Local Rule for Compulsory Arbitration. This case is not subject to the Uniform

18 Rules of Procedure for Arbitration.

19      DATED this 1st day of June, 2020.

20                                          JEFFREY L. VICTOR, P.C.

21

22                                          Jeffrey L. Victor, Esq.
                                         *Attorney for Plaintiff*

23

24

25                                          -1-

**In the Superior Court of the State of Arizona**

**In and For the County of** Maricopa

Case Number **CV2020-053497**

CLERK OF THE SUPERIOR COURT
FILED
JUN 01 2020 4:20pm
V. Garcia, Deputy

Is Interpreter Needed? ☐ Yes ☒ No

If yes, what language(s): _____

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney Jeffrey L. Victor, Esq.

Attorney Bar Number 013132

| Plaintiff's Name(s): (List all) | Plaintiff's Address: | Phone #: | Email Address: |
|---|---|---|---|
| Nina Melton | c/o Jeffrey L Victor | 602.749.0900 | victoratty@aol.com |
| | 5425 E. Bell Rd., Ste 121 | | |
| | Scottsdale, Arizona 85254 | | |

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)
JD'S WILD WEST WAFFLES INC. dba WAFFLE HOUSE, INC.

(List additional Defendants on page two and/or attach a separate sheet)

**RULE 26.2 DISCOVERY TIER OR MONETARY RELIEF CLAIMED:**

**IMPORTANT:** Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected. State the monetary amount in controversy or place an "X" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.

☐ Amount Claimed $_____     ☐ Tier 1     ☒ Tier 2     ☐ Tier 3

**NATURE OF ACTION**

Place an "X" next to the **one** case category that most accurately describes your primary case. Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected as indicated above.

**100 TORT MOTOR VEHICLE:**

☐ 101 Non-Death/Personal Injury*

☐ 102 Property Damage*
☐ 103 Wrongful Death*

©Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

Page 1 of 3

CV10f – 010119

Case No._____

## 110 TORT NON-MOTOR VEHICLE:

- [ ] 111 Negligence*
- [ ] 112 Product Liability – Asbestos*
- [ ] 112 Product Liability – Tobacco*
- [ ] 112 Product Liability – Toxic/Other*
- [ ] 113 Intentional Tort*
- [ ] 114 Property Damage*
- [ ] 115 Legal Malpractice*
- [ ] 115 Malpractice – Other professional*
- [x] 117 Premises Liability*
- [ ] 118 Slander/Libel/Defamation*
- [ ] 116 Other (Specify) _____*

## 120 MEDICAL MALPRACTICE:

- [ ] 121 Physician M.D.*
- [ ] 123 Hospital*
- [ ] 122 Physician D.O*
- [ ] 124 Other*

## 130 & 197 CONTRACTS:

- [ ] 131 Account (Open or Stated)*
- [ ] 132 Promissory Note*
- [ ] 133 Foreclosure*
- [ ] 138 Buyer-Plaintiff*
- [ ] 139 Fraud*
- [ ] 134 Other Contract (i.e. Breach of Contract)*
- [ ] 135 Excess Proceeds-Sale*
- [ ] Construction Defects (Residential/Commercial)*
    - [ ] 136 Six to Nineteen Structures*
    - [ ] 137 Twenty or More Structures*
- [ ] 197 Credit Card Debt (Maricopa County Only)*

## 150-199 OTHER CIVIL CASE TYPES:

- [ ] 156 Eminent Domain/Condemnation*
- [ ] 151 Eviction Actions (Forcible and Special Detainers)*
- [ ] 152 Change of Name
- [ ] 153 Transcript of Judgment
- [ ] 154 Foreign Judgment

- [ ] 158 Quiet Title*
- [ ] 160 Forfeiture*
- [ ] 175 Election Challenge
- [ ] 179 NCC-Employer Sanction Action (A.R.S. §23-212)
- [ ] 180 Injunction against Workplace Harassment
- [ ] 181 Injunction against Harassment
- [ ] 182 Civil Penalty
- [ ] 186 Water Rights (Not General Stream Adjudication)*
- [ ] 187 Real Property *
- [ ] Special Action against Lower Courts
   (See Lower Court Appeal cover sheet in Maricopa)
- [ ] 194 Immigration Enforcement Challenge
   (A.R.S. §§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

- [ ] Administrative Review
   (See Lower Court Appeal cover sheet in Maricopa)
- [ ] 150 Tax Appeal
   (All other tax matters must be filed in the AZ Tax Court)
- [ ] 155 Declaratory Judgment
- [ ] 157 Habeas Corpus
- [ ] 184 Landlord Tenant Dispute – Other*
- [ ] 190 Declaration of Factual Innocence (A.R.S. §12-771)
- [ ] 191 Declaration of Factual Improper Party Status
- [ ] 193 Vulnerable Adult (A.R.S. §46-451)*
- [ ] 165 Tribal Judgment
- [ ] 167 Structured Settlement (A.R.S. §12-2901)
- [ ] 169 Attorney Conservatorships (State Bar)
- [ ] 170 Unauthorized Practice of Law (State Bar)
- [ ] 171 Out-of-State Deposition for Foreign Jurisdiction
- [ ] 172 Secure Attendance of Prisoner
- [ ] 173 Assurance of Discontinuance
- [ ] 174 In-State Deposition for Foreign Jurisdiction
- [ ] 176 Eminent Domain– Light Rail Only*
- [ ] 177 Interpleader– Automobile Only*
- [ ] 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- [ ] 183 Employment Dispute- Discrimination*

Case No._____

☐ 185 Employment Dispute-Other*
☐ 196 Verified Rule 45.2 Petition
☐ 195(a) Amendment of Marriage License
☐ 195(b) Amendment of Birth Certificate

☐ 163 Other*

_____
(Specify)

### EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order    ☐ Provisional Remedy    ☐ OSC    ☐ Election Challenge
☐ Employer Sanction    ☐ Other (Specify) _____

### COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the Commercial Court. More information on the Commercial Court, including the most recent forms, are available on the Court's website at:

https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____
_____

**Additional Defendant(s):**

_____
_____